**Veta M. HARTMAN, Plaintiff–Appellee,**

v.

**Charles MIDDLETON, Dean of the College of Arts and Sciences and Leon Travis, Assistant to the Dean of the College of Arts and Sciences, Defendants–Appellants.**

**No. 97CA1331.**

Colorado Court of Appeals,
Div. IV.

June 11, 1998.

As Modified on Denial of Rehearing
July 30, 1998.*

Certiorari Denied March 22, 1999.**

* VOGT, J., dissenting.

** Justice KOURLIS would grant as to the following issues:

Whether the court of appeals misinterpreted controlling law in holding that Hartman possessed a liberty interest in being rehired by the university. Whether the court of appeals erred in concluding that "publication" was satisfied by intra-university disclosures.

Whether the court of appeals erred by concluding that Hartman's liberty interest was "clearly established" at the time of petitioners' alleged conduct, overlooking significant conflicting authorities.

Silver & Deboskey, P.C., Bruce H. Deboskey; Miller & Jester, Jay S. Jester, Denver, for Plaintiff–Appellee.

Pryor, Johnson, Montoya, Carney & Karr, Scott S. Nixon, Elizabeth C. Moran, Englewood, for Defendants–Appellants.

Opinion by Judge NEY.

Defendants, Dean of the College of Arts and Sciences of the University of Colorado Charles Middleton and Assistant to the Dean of the College of Arts and Sciences Leon Travis, appeal the denial of their motion for summary judgment. They assert the trial court erred in its determination that plaintiff, former employee Veta M. Hartman, had pled sufficient facts to state the violation of a clearly established constitutional right which defendants would reasonably be expected to recognize and that defendants therefore were not entitled to qualified immunity on her claim under 42 U.S.C. §1983 (1994). We affirm.

Plaintiff was employed by the University of Colorado from October 1964 until she voluntarily resigned in May 1994.

In 1993, plaintiff requested and received payment for 224 hours of overtime, totaling $5,673.70. As a result of an audit conducted in 1994, when plaintiff voluntarily retired, the University determined that plaintiff had been overcompensated by $5,120 for the overtime hours because she was an "exempt" employee, and demanded that the money be repaid. In lieu of repayment, the chairman of her department proposed that plaintiff be allowed to work off the overcompensation through a temporary position at the University.

Plaintiff pursued temporary openings at the University. But, according to her complaint, after being turned down for several temporary positions, plaintiff was informed by another employee that defendants had instructed others at the University, verbally and by electronic mail, that plaintiff was not to be hired because she was untrustworthy, had violated University rules, and had broken the law. She was not re-hired.

Plaintiff filed a complaint in state court in September 1996 after voluntarily dismissing her pending claims in federal court, alleging, among other claims, that defendants had interfered with her liberty interest without due process of law in violation of 42 U.S.C. §1983 in refusing to permit her to be re-employed by the University.

Defendants filed combined motions to dismiss and for summary judgment, urging that they be insulated from individual liability for plaintiff's claim under the doctrine of qualified immunity.

The trial court denied defendants' motions. The trial court concluded, that plaintiff had alleged sufficient facts, which if true, could sustain a finding that there had been a violation of a clearly established constitutional right in plaintiff's liberty interest in future employment, of which a reasonable person would have known. It further held that ma-

terial factual issues existed as to whether defendants' conduct constituted a violation of that right.

### I.

Defendants argue that the trial court erred in concluding that plaintiff had met her burden of alleging a violation of a clearly established constitutional liberty interest of which they reasonably should have known so as to defeat the defense of qualified immunity. We disagree.

■ In § 1983 actions, government officials sued in their individual capacity for performing discretionary, non-ministerial functions are qualifiedly immune from liability for damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). Such entitlement to immunity is immunity from suit, rather than a mere defense to liability. *Freedom from Religion Foundation, Inc. v. Romer*, 921 P.2d 84 (Colo.App.1996).

■ Where qualified immunity is raised in a motion for summary judgment, the trial court must determine, based upon the allegations of the plaintiff, whether a clearly established constitutional right of which a reasonable official would have known has been violated, and if so, whether there are genuine issues of material fact such that the issue of qualified immunity must await determination by a trier of fact. *Furlong v. Gardner*, 956 P.2d 545 (Colo.1998).

■ If such a motion is denied, the trial court's order is immediately appealable only if the denial is based on a finding that there were sufficient facts pled to support a violation of a clearly established right. *Mitchell v. Forsyth*, 472 U.S. 511, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985); *Furlong v. Gardner*, *supra*. However, no appeal is permitted if the trial court denies summary judgment because the record showed a genuine triable issue of material fact. *Johnson v. Jones*, 515 U.S. 304, 115 S.Ct. 2151, 132 L.Ed.2d 238 (1995); *Furlong v. Gardner*, *supra*.

Here, the court found that genuine issues of material fact existed, but also ruled that if plaintiff's allegations were true, defendants had violated clearly established law under *Watson v. University of Utah Medical Center*, 75 F.3d 569 (10th Cir.1996). Therefore, the ruling on the issue of whether defendants violated a clearly established right is immediately appealable and proper for us to consider.

### A.

■ Defendants argue that we should review, *de novo*, the questions of whether plaintiff pled sufficient facts to support a constitutional violation, and whether, if so, defendants had violated a clearly established constitutional liberty interest of which they reasonably should have known. Plaintiff argues that we must limit our review to whether the trial court mistakenly identified clearly established law and base this determination on the facts as assumed by the trial court when denying summary judgment. We agree with defendants.

Plaintiff mischaracterizes the reasoning of the Court in *Johnson v. Jones*, *supra*, to imply that a court reviewing a denial of summary judgment based on a violation of clearly established law is bound by the facts as set out by the district court.

In *Johnson*, the Court states that the court of appeals *may* take, as given, the facts that the district court assumed when it denied summary judgment for purely legal reasons but a reviewing court is by no means bound to do so. The Court further states that, if the district court does not provide a statement of facts, the reviewing court will have to review the record to determine what facts the district court likely assumed in making its determination. The Court concludes that a rule that occasionally requires a detailed evidence-based review of the record is still manageable. Therefore, we conclude that our review is limited to a legal determination of whether the trial court properly identified clearly established law and whether the facts as alleged support a determination that defendants violated that law.

## B.

■ Defendants argue that even if the trial court properly identified clearly established law, it misapplied that law because plaintiff did not allege sufficient facts to support a violation of a clearly established liberty interest in future employment opportunities. We disagree.

■ We acknowledge that an employer's refusal to re-employ someone does not, without more, implicate any protected liberty interest. However, an employee's liberty interest may be implicated when the decision not to re-hire is accompanied by special circumstances, such as the dissemination of stigmatizing statements about the employee. *Board of Regents v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972).

Where a public employer makes a public statement of unfounded charges of dishonesty or immorality that might seriously damage the employee's standing or associations in the community and foreclose the employee's freedom to take advantage of future employment opportunities, a constitutionally protected liberty interest has been recognized. *See Watson v. University of Utah Medical Center, supra.*

■ The court in *Watson* created a four-part test for determining whether a plaintiff has stated a liberty interest claim in employment: the alleged statements by the public employer must impugn the good name, reputation, honor, or integrity of the employee; the statements must be false; the statements must occur in the course of terminating the employee *or* must foreclose other employment opportunities; and the statements must be published.

■ The determination of a violation of a clearly established constitutional right is a question of law, and a court engaging in review of such a question should therefore use its full knowledge of its own and other relevant precedents. *Freedom from Religion Foundation, Inc. v. Romer, supra.*

Here, we need not decide whether specific actions of the officials were unconstitutional, but only whether the overall conduct as alleged was so clearly unconstitutional in light of pre-existing law that any reasonable person would have known that his or her actions violated plaintiff's constitutional rights. *See Freedom from Religion Foundation, Inc. v. Romer, supra.*

■ Statements about plaintiff were allegedly made by defendants, verbally and by electronic mail, which disparaged her reputation and integrity. These statements included charges that plaintiff had abused her position, had violated University rules, lacked credibility, and had broken the law. The complaint alleges that all such charges were false. Thus, the first two parts of the *Watson* test are met here.

■ Further, according to the complaint, plaintiff wanted to be hired not only in the department where she had worked for thirty years, but also at other departments throughout the University. However, it is alleged that these statements, in conjunction with defendants' instructions that plaintiff not be hired anywhere at the University, effectively foreclosed her opportunity to be re-hired there. Hence, the third part of the *Watson* test is met.

■ Finally, the publication of non-privileged, stigmatizing statements throughout the University's various colleges and among fellow employees and potential employers satisfies the publication requirement of the *Watson* test. *See Watson v. University of Utah Medical Center, supra.*

When publicized stigmatizing statements foreclose the freedom to take advantage of a specific employment opportunity, including the opportunity to be re-employed at a place of former employment, a protected liberty interest has been infringed. *Bartel v. Federal Aviation Administration*, 725 F.2d 1403 (D.C.Cir.1984).

Plaintiff's § 1983 claim is against defendants individually, not the University, and their preclusion of her employment within the University community may infringe on her liberty interest in employment. Reasonable officials in defendants' positions would have known that their alleged actions of besmirching plaintiff's reputation and preventing her from being re-hired at the University

**1012**

violated a constitutionally protected liberty interest.

Hence, upon reviewing the allegations before the court under the test set out by *Watson*, we conclude that plaintiff's pleadings identified a clearly established liberty interest in her future employment at the University and that, if her allegations are proven, defendants interfered with this interest.

Therefore, the trial court's denial of summary judgment is affirmed.

Judge RULAND and Judge VOGT concur.